FILED
FEBRUARY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN R. MARTIN, | ) | **08 C 975** |
|  | ) | COMPLAINT |
| Plaintiff, | ) | AND REQUEST FOR JURY TRIAL |
|  | ) |  |
| v. | ) |  |
|  | ) | **JUDGE CONLON** |
| APPLE INC., | ) | **MAGISTRATE JUDGE DENLOW** |
|  | ) |  |
| Defendant. | ) | **J. N.** |

## COMPLAINT

Plaintiff John R. Martin ("Martin") files this Complaint against Defendant Apple Inc. ("Apple"), and alleges as follows:

### The Parties

1. Plaintiff John R. Martin, an individual, resides at 5635 Nebeshonee Ln., Rockford, Illinois 61103.

2. Upon information and belief, Defendant Apple is a corporation organized under the laws of the State of California, with a principal place of business at 1 Infinite Loop, Cupertino, California 95014, and conducts business in this judicial district including performing acts of infringement as alleged herein.

### Nature of Action and Jurisdiction

3. This cause of action arises under the Patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 *et seq*. This Court has jurisdiction over this patent infringement action under the Judicial Code of the United States, 28 U.S.C. §§ 1338(a) and 1331.

4. Upon information and belief, Defendant Apple has engaged in business activity and infringing activity within this judicial district sufficient to vest this Court with personal jurisdiction over Defendant Apple.

**Venue**

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) in that Defendant Apple is a corporation residing in this judicial district and a substantial part of the events giving rise to these claims has occurred in this judicial district. Defendant Apple also has committed acts in this judicial district that are accused to be direct and/or indirect infringement, contributory infringement, and inducement of infringement of the patent-in-suit.

**FACTUAL BACKGROUND**

6. Martin owns a patent entitled "METHOD FOR OPERATING AN ELECTRONIC MACHINE USING A POINTING DEVICE," U.S. Patent No. 6,926,609 (the "'609 patent"). The '609 patent was duly and legally issued by the U.S. Patent and Trademark Office in the name of John R. Martin on August 9, 2005. A copy of the '609 patent is attached hereto as Exhibit A.

8. Martin has previously given Defendant Apple actual notice of the '609 patent.

9. On information and belief, Defendant Apple uses, has used, sells, has sold, services, has serviced, offers to sell, has offered to sell, and/or has induced others to sell, offer to sell, manufacture, and/or use electronic machines having a touch screen or a pointing device and/or methods of operating those machines which are covered by at least one claim of the '609 patent.

10.   Pursuant to 35 U.S.C. § 282, the '609 patent, including each and every claim therein, is presumed valid.

## COUNT I -- PATENT INFRINGEMENT

11.   Plaintiff Martin repeats and realleges the allegations set forth in paragraphs 1 through 10.

12.   Defendant Apple has been and is now infringing U.S. Patent No. 6,926,609 (the "'609 patent") by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States systems and products covered by one or more claims of the '609 patent.

13.   Defendant Apple has contributorily infringed and continues to contributorily infringe the '609 patent by selling, offering to sell, and/or importing in or into the United States components and/or materials covered by one or more claims of the '609 patent, wherein such components and/or materials constitute a material part of the invention. Defendant Apple has done so and continues to do so knowing that the components and/or materials are especially made or especially adapted for use in infringement of the '609 patent, and are not a staple article suitable for substantial non-infringing use.

14.   Defendant Apple has induced infringement and continues to induce infringement of the '609 patent by, among other things, Defendant Apple's advertising, offering and providing of services, as well as instructing, directing, and/or advising others as to how to carry out an infringement of the '609 patent.

15.   Upon information and belief, Defendant Apple had actual knowledge of the '609 patent at the time it was infringing, inducing infringement of, and contributorily infringing the

'609 patent. Notwithstanding that actual knowledge, Defendant Apple continued to infringe, induce others to infringe, and contributorily infringe the '609 patent.

16. Defendant Apple's acts of infringement, inducement of infringement, and contributory infringement have been made with full knowledge of the '609 patent. Such acts may constitute willful and deliberate infringement, entitling Martin to enhanced damages and attorney fees.

17. As a consequence of Defendant Apple's infringement, Martin has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant Apple is enjoined by this Court from committing further acts of infringement.

18. Martin is entitled to recover damages adequate to compensate for Defendant Apple's infringement, which in no event can be less than a reasonable royalty.

19. Martin reserves the right to amend this complaint upon the grant of any reissue application replacing the '609 patent.

## **PRAYER FOR RELIEF**

Wherefore, Martin prays for entry of judgment declaring:

A. That Defendant Apple has infringed, contributorily infringed, and/or induced infringement, and that by its actions will continue to infringe, contributorily infringe, and/or induce infringement of the '609 patent;

B. That Defendant Apple, its agents, employees, representatives, successors, and assigns, and those acting, or purporting to act, in privity or in concert with Defendant Apple be preliminarily and permanently enjoined from further infringement, inducing infringement, and contributory infringement of the '609 patent;

C. That Defendant Apple accounts for and pays to Martin all monetary relief under 35 U.S.C. § 284, adequate to compensate for the infringement of the '609 patent, but in no event less than a reasonable royalty;

D. That Defendant Apple accounts for and pays to Martin enhanced damages under 35 U.S.C. § 284;

E. That Martin be awarded his reasonable attorneys' fees under 35 U.S.C. § 285;

F. That Martin be granted pre-judgment and post-judgment interest on the damages caused by reason of Defendant Apple's infringement of the '609 patent;

G. That costs be awarded to Martin; and

H. That Martin be granted such other and further relief as the Court may deem just and proper under the current circumstances.

## DEMAND FOR JURY TRIAL

Martin hereby demands a trial by jury for all issues so triable.

Date: February 15, 2008

Respectfully submitted,

s/James P. Murphy
James P. Murphy
James L. Davis, Jr.
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois  60661
Phone:  (312) 775-8000
Email:  jmurphy@mcandrews-ip.com
Email:  jdavis@mcandrews-ip.com

Attorneys for **Plaintiff John R. Martin**