# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. MARTIN, | ) Case No. 08 C 975 |
| Plaintiff, | ) Judge Conlon |
| | ) Magistrate Judge Denlow |
| v. | ) |
| APPLE INC., | ) |
| Defendant. | ) |

### PLAINTIFF MARTIN'S PROPOSED DISCOVERY PLAN

Defendant Apple Inc. has not yet been served with the Complaint in this case. Plaintiff John R. Martin proposes the following Discovery Plan and Schedule:

I.   Discovery Plan:

   A.   Fed. R. Civ. P. 26(a)(1) is applicable in this case.

   B.   Discovery will be needed on at least the following subjects:

      1.   The structure and operation of the accused products, and any devices which may include the inventions of or be covered by the patent-in-suit;

      2.   Damages; and

      3.   Document retention and storage practices and procedures of the parties.

   C.   Each party may propound a maximum of **25** interrogatories on any other party. Subparts shall not count as separate interrogatories as long as they reasonably relate to the interrogatory.

   D.   Each party may submit a maximum of **100** requests to admit on any other party.

   E.   There will be a maximum of **10** fact witness depositions taken by each party.

F. Each deposition, other than of experts and Rule 30(b)(6) deponents, shall be limited to a maximum seven hours unless extended by agreement of the parties, or with leave of Court.

G. For the purposes of counting Rule 30(b)(6) depositions, each seven-hour day of testimony responsive to a Rule 30(b)(6) Notice shall constitute one deposition regardless of the number of witnesses who testify. For example, if two witnesses responsive to a Rule 30(b)(6) Notice testify in one seven-hour day, that shall count as one deposition. Likewise, if one witness responsive to a Rule 30(b)(6) Notice testifies for two seven-hour days, that shall count as two depositions.

II. Schedule:

A. Plaintiff may serve Defendant Apple Inc. no later than **June 16, 2008**, pursuant to Fed. R. Civ. P. 4(m). Defendant may file a responsive pleading no later than **21 days after service**.

B. Plaintiff shall identify all asserted claims and provide preliminary infringement contentions no later than **120 days after service**. Defendant shall provide preliminary invalidity contentions no later than **120 days after service**.

C. Both parties shall file and serve Opening Claim Construction Briefs in support of their interpretation of the disputed claims no later than **270 days after service**.

D. Both parties shall file and serve Responsive Claim Construction Briefs no later than **300 days after service**.

E. Defendant shall decide whether to rely on advice of counsel as a defense to a claim of willful infringement and, if so, produce all relevant privileged materials no later than **20 days after service of the Responsive Claim Construction Briefs**.

F. At the convenience of the Court, a *Markman* Hearing shall be scheduled no earlier than **330 days after service**.

G. No later than **10 days after a *Markman* Ruling**, the parties shall file and serve a document identifying, by full name, address, and telephone number, each person whom they expect to call as an expert at trial and specify each subject matter to which each expert is expected to testify (the "Trial Experts").

H. All discovery, except for depositions of experts, shall be completed no later than **30 days after the *Markman* Ruling**.

I. No later than **40 days after the *Markman* Ruling**, the party having the burden of proof on a claim or defense shall serve the following: (1) a complete copy of the most current curriculum vitae of each Trial Expert or a detailed summary of his or

3

her qualifications to testify on each identified subject; and (2) a report in compliance with Fed. R. Civ. P. 26(a)(2) for each Trial Expert.

J. The parties shall exchange Responsive Expert Reports no later than **30 days after the exchange of the Initial Expert Reports**.

K. Both parties, to the extent they desire, shall conduct all depositions of Trial Experts no later than **45 days after service of each Responsive Expert Report**.

L. The parties shall file all dispositive motions no later than **60 days after close of all discovery**. Responses to the dispositive motions are due no later than **28 days after the dispositive motions** are filed. Replies to the responses are due no later than **14 days after the responses** are filed.

M. Motions in limine must be filed no later than **21 days before jury selection**.

N. This case is subject to being called for jury selection and trial after the deadline for filing dispositive motions.

James P. Murphy
James L. Davis, Jr.
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Phone: (312) 775-8000
Email: jmurphy@mcandrews-ip.com
Email: jdavis@mcandrews-ip.com

Attorneys for **Plaintiff John R. Martin**