IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. MARTIN,<br><br>    Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>    Defendants. | Case No. 08 C 975<br><br>Judge Conlon<br>Magistrate Judge Denlow<br><br><br>Jury Trial Demanded |

**APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS AND JURY DEMAND**

  Defendant Apple Inc. ("Apple"), by and through its attorneys, hereby answers the Complaint ("Complaint") of John R. Martin ("Martin") as follows:

## I.  ANSWER

### The Parties

  1. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of Martin's allegations in paragraph 1 of the Complaint, and, therefore, denies them.

  2. Apple admits that it is a corporation organized under the laws of the State of California, with a principal place of business at 1 Infinite Loop, Cupertino, California 95014, and that it conducts business in this judicial district.  Apple denies all the remaining allegations in paragraph 2 of the Complaint and specifically denies any wrongdoing or infringement.

### Nature of Action and Jurisdiction

  3. Paragraph 3 of the Complaint asserts legal conclusions to which no response is required.  To the extent Paragraph 3 contains any factual allegations, such allegations are denied.

4. Apple admits that it has engaged in business activity within this judicial district. Apple denies that it has engaged in any infringing activity within this or any other judicial district. The remaining allegations of Paragraph 4 assert legal conclusions to which no response is required.

**Venue**

5. Paragraph 5 of the Complaint asserts legal conclusions to which no response is required. To the extent Paragraph 5 contains any factual allegations, they are denied. In particular, Apple denies that it has committed acts in this judicial district that constitute direct and/or indirect infringement, contributory infringement, or inducement of infringement of any valid claim of the '609 patent.

**Factual Background**

6. Apple admits that on its face the '609 patent states that it was issued on August 9, 2005, that it is entitled "METHOD FOR OPERATING AN ELECTRONIC MACHINE USING A POINTING DEVICE," and that what purports to be a copy of the '609 patent is attached as Exhibit A to the Complaint. Apple is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 6 of the Complaint and, therefore, denies them.

7. Paragraph 7 is skipped in the Complaint and thus requires no response.

8. Apple admits that Martin has previously notified it of the '609 patent. Apple denies all the remaining allegations in paragraph 8 of the Complaint.

9. Apple admits that it manufactures and markets electronic products. Apple denies all the remaining allegations in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint asserts legal conclusions to which no response is required. To the extent Paragraph 10 contains any factual allegations, such allegations are denied.

## Count I – Patent Infringement

11. Apple repeats, as if fully set forth herein, its responses to Paragraphs 1-10 of the Complaint.

12. Apple denies the allegations of Paragraph 12 of the Complaint.

13. Apple denies the allegations of Paragraph 13 of the Complaint.

14. Apple denies the allegations of Paragraph 14 of the Complaint.

15. Apple denies the allegations of Paragraph 15 of the Complaint.

16. Apple denies the allegations of Paragraph 16 of the Complaint.

17. Apple denies the allegations of Paragraph 17 of the Complaint.

18. Apple denies the allegations of Paragraph 18 of the Complaint.

19. Apple admits that Martin purports to reserve the right to amend the Complaint upon the grant of any reissue application replacing the '609 patent.

## Prayer for Relief

Apple denies that Martin is entitled to any of the relief it has requested in Paragraphs A-H of his Prayer for Relief in the Complaint.

## Demand for Jury Trial

Apple admits that Martin has demanded a trial by jury for all triable issues.

## II.  AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Apple alleges, without assuming any burden of proof that would otherwise rest on Martin, as follows:

### Non-Infringement

1. Apple does not infringe and has not infringed, directly or indirectly, any valid claim of the '609 patent, either literally or under the doctrine of equivalents.

### Invalidity

2. Each claim of the '609 patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§101, 102, 103 and/or 112.

### Estoppel/Waiver/Acquiescence

3. The Plaintiffs' claims are barred by estoppel (including prosecution history estoppel), waiver, and/or acquiescence.

### Failure to Identify Accused Product or Process

4. The Plaintiff's claims should be dismissed for failure to identify any product, system, and/or process of Apple that allegedly infringes the '609 patent.

Apple reserves the right to rely on (a) all further affirmative defenses which become available or appear during discovery or further factual investigation, and (b) all further affirmative defenses asserted by other defendants in this case, if any are joined.

### III.  COUNTERCLAIMS

### Parties

1. Apple Inc. is a corporation organized under the laws of the State of California, with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.  Apple conducts business in this judicial district.

2. On information and belief, John R. Martin, an individual, resides at 5635 Nebeshonee Ln., Rockford, Illinois 61103.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§1331 and 1338(a) and the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*.

4. Venue is proper in this Court because Martin brought his claims for infringement concerning the '609 patent in this Court.

### Counterclaim Count I - Declaration of Non-Infringement of the '609 Patent

5. Apple re-alleges and incorporates by reference Paragraphs 1-3 of its Counterclaims.

6. An actual controversy exists between Apple and Martin, based on Martin's Complaint and Apple's Answer, as to whether any of Apple's products, services, or activities infringe any valid claim of the '609 patent.

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*., Apple requests a declaration from the Court that Apple does not infringe, directly or indirectly, any valid claim of the '609 patent.

**Counterclaim Count II - Declaration of Invalidity of the '609 Patent**

8. Apple re-alleges and incorporates by reference Paragraphs 1-4 of its Counterclaims.

9. An actual controversy exists between Apple and Martin, based on Martin's Complaint and Apple's Answer, as to the validity of the '609 patent.

10. Pursuant to the Federal Declaratory Judgment Act, §2201 *et seq.*, Apple requests a declaration from the Court that the claims of the '609 patent are invalid for failure to meet the conditions for patentability specified in 35 U.S.C. §§101, 102, 103 and/or 112.

**Prayer for Relief**

WHEREFORE, Apple prays that this Court enter judgment in its favor and against Beneficial as follows:

    A.    Dismissing Martin's Complaint, and each and every claim and cause of action asserted therein against Apple, with prejudice;

    B.    Declaring that Apple has not infringed, directly or indirectly, any valid claim of the '609 patent;

    C.    Declaring that each of the claims of the '609 patent is invalid;

    D.    Enjoining and restraining Martin, his agents, servants, employees, and attorneys, as well as those persons in active concert and participation with them who receive actual notice of the judgment, from directly or indirectly charging infringement, or instituting any further action for infringement, of the '609 patent against Apple, its officers, agents, servants, employees, vendees, suppliers, customers, or any others in direct or indirect privity with it;

  E. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Apple its reasonable attorneys' fees, expenses, and costs in this action; and

  F. Awarding Apple such other and further relief as this Court may deem just and proper.

## IV.  JURY DEMAND

Apple requests a jury trial on all issues so triable in this proceeding.


Dated: May 8, 2008        Respectfully submitted,


            /s/ Tigran Vardanian

            David A. Nelson
            Tigran Vardanian
            LATHAM & WATKINS LLP
            233 South Wacker Drive
            Sears Tower, Suite 5800
            Chicago, Illinois  60606
            Phone:  (312) 876-7700
            Fax:  (312) 993-9767

            *Counsel for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2008 I electronically filed the foregoing **APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record in this action.

/s/ Tigran Vardanian