IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. MARTIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　Defendants. | Case No. 08 C 975<br><br>Judge Conlon<br>Magistrate Judge Denlow |

## AGREED MOTION TO STAY

Defendant Apple Inc. ("Apple"), by and through its attorneys, hereby moves the Court to stay the above-captioned litigation pending the reexamination and reissue proceedings concerning the patent-in-suit in the Unites Stated Patent and Trademark Office ("PTO"). Plaintiff John R. Martin's ("Martin") does not oppose this motion.

## INTRODUCTION

There is not one but two independently sufficient grounds to stay this case. Martin's U.S. Patent No. 6,926,609 ("'609 patent") – the only patent asserted in this case – is currently the subject of reissue proceedings at the PTO initiated by Plaintiff seeking to add 14 new claims to the '609 patent. It is also the subject of *inter partes* reexamination proceedings initiated by Apple on April 29, 2008.

Both the reexamination and the reissue have a great bearing on this case. As a result of either of these proceedings the claims asserted against Apple may be withdrawn by the applicant, found invalid by the PTO, or amended by the applicant to overcome prior art. In fact, the statistics show that in 77 percent of all reexamination applications, the existing claims are either

amended or cancelled during reexamination. Moreover, in both the reexamination and the reissue proceedings, the PTO examiners, the people with expertise in the relevant art, may interpret the current claims of the '609 patent in a way that would be dispositive of important claim construction issues that may arise in this litigation. Furthermore, as a result of either of the proceedings, new claims may be added to the '609 patent – new claims that Martin might assert against Apple and that could cause re-litigation of substantial parts of this case, if not the entire case. For all these and other reasons discussed in detail below, the courts in this District have routinely granted stays of patent infringement litigation pending the outcome of reexamination or reissue proceedings, particularly where, as here, the litigation has just commenced. Each of these PTO proceedings alone has been deemed sufficient to stay litigation. Two such proceedings with respect to the same patent-in-suit running concurrently make a stay even more compelling.

## ARGUMENT

### 1. A Stay Pending Reexamination of the '609 Patent is Judicially Efficient

A district court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *L.E.A. Dynatech, Inc. v. F. Allina,* 49 F.3d 1527, 1530 (Fed. Cir. 1995) (quoting *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)). The Federal Circuit has recognized that a district court may properly stay an infringement suit pending the PTO's reexamination of the patent-in-suit. *See Gould v. Control Laser Corp.,* 705 F.2d 1340, 1342 (Fed. Cir. 1983).

Courts in this District routinely stay patent infringement actions pending the reexamination of the patent-in-suit. *See, e.g., Global Patent Holdings, LLC v. Green Bay Packers, Inc.,* No. 00 C 4623, 2008 WL 1848142, *5 (N.D. Ill. April 23, 2008); *Tap Pharm.*

*Products, Inc. v. Atrix Lab., Inc.*, No. 03 C 7822, 2004 WL 422697, *1-2 (N.D. Ill. March 3, 2004); *Rockwood Pigments, NA, Inc. v. Interstate Materials, Inc.*, No. 02 C 2178, No. 03-CV-2223-ABJ-BNB, 2002 WL 1160170, *1 (N.D. Ill. March 29, 2002); *Hamilton Industries, Inc. v. Midwest Folding Products Mfg. Corp.*, No. 89 C 8696, 1990 WL 37642, *1-2 (N.D. Ill. March 20, 1990).

This District is far from alone in recognizing the benefits of staying patent cases pending the outcome of reexamination proceedings. Indeed, "there exists a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *Broadcast Innovation, LLC v. Charter Communications, Inc.*, 2006 WL 1897165, at *4 (D. Colo. July 11, 2006). Thus, courts across the country routinely stay patent cases pending the outcome of reexamination proceedings, particularly where (as here) the case is at a relatively early stage and the patent owner is not facing irreparable harm in the marketplace.[1]

The courts in this District look at the following factors in determining whether a stay should be granted pending the outcome of a reexamination: (1) whether a stay will unduly

---

[1] *See, e.g., Ralph Gonnocci Revocable Living Trust. v. Three M Tool & Machine Inc.*, 68 U.S.P.Q.2d 1755, 1758-59 (E.D. Mich. 2003); *Alloc, Inc. v. Unilin Décor N.V.*, 2003 WL 21640372 (D. Del. 2003); *Pegasus Dev. Corp. v. Directv, Inc.*, 2003 WL 21105073 (D. Del. 2003) (noting that "a stay may result in a simplification or reduction of issues for the court's consideration, or it may dispense with the litigation entirely"); *Perricone v. Unimed Nutritional Services, Inc.* 2002 WL 31075868 (D. Conn. 2002); *Gioello Enterprises Ltd. v. Mattel, Inc.*, 2001 WL 125340 (D. Del. 2001); *Softview Computer Prod. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000) (noting that "a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims"); *Snyder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701 (W.D.N.Y. 1999); *Guthy-Renker Fitness L.L.C. v. Icon Health and Fitness Inc.*, 48 U.S.P.Q.2d 1058, 1060-61) (C.D. Cal. 1998); *Vitronics Corp. v. Conceptronic, Inc.*, 36 F. Supp. 2d 440, 442 (D.N.H. 1997); *Braintree Lab., Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237 (D. Kan. 1997); *Bausch & Lomb Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995); *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 64-66 (D. N.J. 1992); *Robert H. Harris Co., Inc. v. Metal Mfg. Co., Inc.*, 19 U.S.P.Q.2d 1786, 1789 (E.D. Ark. 1991).

prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *See Tap Pharm*, 2004 WL 422697 at *1. Here, all of these factors weigh in favor of a stay.

A stay will not prejudice Martin because there is no allegation that Martin competes with Apple concerning the accused products in the marketplace and Martin has yet to invest substantial resources in the litigation of this action. As in *Tap Pharm*, this case has not progressed beyond the initial pleadings stage. *Id.* Discovery has not yet started; the parties have not even exchanged their initial disclosures. So a stay at this stage would not be a tactical disadvantage to Martin.

Furthermore, Martin is not Apple's competitor in the marketplace. Indeed, Martin does not appear to be marketing any products under the '609 patent. *See Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 4:03-CV-40493, 2004 WL 1968669, *9 (S.D. Iowa Aug. 24, 2004) ("[a]t present [the patentee] is not . . . selling or marketing products under its patent. Indeed, it has never done so and thus has no market to protect."). Therefore, there is no immediate and necessary need (or ability) for Martin to enjoin Apple from selling the accused products.

In fact, a stay may benefit Martin. Ultimately, Martin may achieve a more expedient resolution of his claims against Apple as a result of the stay because, as discussed below, the reexamination may significantly simplify the issues in this case and may lead to settlement or at the very least much less complex discovery, motion practice, and trial. *See Tap Pharm*, 2004 WL 422697 at *1 ("it is possible that the reexamination will simplify these proceedings and ultimately make up for any delay that has been caused").

The stay here is not prejudicial to Martin and has a high potential for conservation of

4

resources also because Apple's petition for reexamination is *inter partes*. *Inter partes* proceedings impose estoppel restraints upon third-party requesters, which means that Apple would be precluded from re-litigating the issues that were raised during the *inter partes* reexamination. *See* 35 U.S.C. at § 315(c); *see also EchoStar Technologies Corp. v. TiVo, Inc.*, No. 5:05 CV 81 DF, 2006 WL 2501494, *3 (E.D. Tex. July 14, 2006). This feature of *inter partes* reexaminations has been recognized by the courts to streamline litigation and minimize prejudice to the patentees. *EchoStar*, 2006 WL 2501494, *3 ("an *inter partes* reexamination can have no other effect but to streamline ongoing litigation"); *see also Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-CV-416, 2008 WL 1886020, *2 (E.D. Tex. April 25, 2008).

Stays pending reexamination are favored in part because reexaminations are likely to simplify or sometimes even dispose of the patent litigation. *See Tap Pharm*, 2004 WL 422697 at *2 ("[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)") (quoting *Gould*, 705 F.2d at 1342). While the issue of validity of the two claims of the '609 patent will be central to this case, the reexamination is very likely to simplify the validity analysis as these claims may be amended or even altogether dismissed by the PTO. *See id.*. The court in *Hamilton*, 1990 WL 37642 at *1-2, summarized the advantages achieved by staying pending litigation, all of which apply here:

1. All prior art presented to the Court will have been first considered by the PTO with its particular expertise.
2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
4. The outcome of the reexamination may encourage a settlement without

the further use of the Court.
5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
7. The cost will likely be reduced both for the parties and the Court.

Finally, there is hardly a question that a stay at this stage in the case will reduce the burden of litigation on the parties and on the Court. This case is brand new. Relative to what will need to be expended to resolve all the current issues presented by the case, very little judicial effort has been expended to this point. *See Global Patent Holdings*, 2008 WL 1848142 at *5. The parties have incurred little cost so far, and no discovery has yet been conducted. *See id.* In fact, Apple just answered Martin's Complaint on May 8, 2008. Because the issues of validity, patentability and claim scope of the '609 patent are all common to the reexamination and the present litigation, going forward simultaneously on these issues in two forums would be wasteful and entirely unnecessary given that this Court has not yet begun considering any of these issues. *See id.* Thus, the most efficient course is to stay the litigation at this early stage pending the PTO's determination on these common issues.

An argument could be made that entering a stay at this time would be premature because the PTO has not yet granted Apple's request for reexamination. However, courts have granted stays in such cases. *See, e.g., Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, *2 (N.D. Cal. Oct. 4, 2007) ("In light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request."); *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay based on party's contemplated filing for reexamination); *Hewlett-Packard Co. v. Acuson Corp.*, 1993 WL 149994, at *4 (N.D. Cal. May 5, 1993) (granting stay before Patent Office had granted reexamination request). Given that the

PTO grants 91 percent of requests for reexamination, *see Ho Keung Tse*, 2007 WL 2904279 at *3, and Apple's request includes several pieces of invalidating prior art that were not before the examiner during the original examination, the PTO will almost certainly grant Apple's request. Moreover, any argument that a stay at this time would be premature must fail also because the patent-in-suit is not only up for reexamination but is also currently in the middle of reissue proceedings. As discussed below, the reissue proceedings alone are sufficient grounds for a stay. Therefore, entering a stay pending reexamination at this time would be proper.

    2.    **Reissue Proceedings of the '609 Patent, Including Review of the Current Claims, Warrant a Stay**

The only two existing claims of the '609 patent as well as fourteen new claims are currently the subject of reissue proceedings initiated by Martin on July 31, 2007.

Much like stays pending reexamination, courts in this and other districts routinely grant stays pending the outcome of reissue proceedings. *See, e.g., Panduit Corp. v. Chatsworth Products, Inc.*, No. 04 C 4765, 2005 WL 577099, *1 (N.D. Ill. March 2, 2005); *Clintec Nutrition Co. v. Abbott Laboratories*, No. 94 C 3152, 1995 WL 228988, *1-3 (N.D. Ill April 14, 1995); *ASCII Corp.*, 844 F. Supp. at 1380 (N.D. Cal. 1994). The factors courts consider in determining whether to grant a stay pending reissue proceedings are also essentially the same as discussed above for reexaminations. *See Panduit*, 2005 WL 577099 at *1 ("(1) whether a stay will result in a simplification or a complication of the issues; (2) what stage the litigation is at, including whether discovery is in its early stages or will almost be completed, and whether a trial date has been set; and (3) whether the stay will cause undue prejudice to the nonmoving parties"). Thus, all arguments raised above with respect to reexamination of the '609 patent apply with equal force to Apple's request to stay this litigation pending the outcome of the reissue proceedings. There are also additional points weighing in favor of a stay in this context.

7

As mentioned above, the reissue proceedings involve both the current two claims of the '609 patent asserted against Apple as well as fourteen new claims. Therefore, the very claims being asserted in this case are not fully settled yet and could be invalidated or amended to overcome prior art at any time. In a similar situation, this court in *Clintec*, 1995 WL 228988 at *1, granted a stay stating:

> Most compelling is the fact that the reissue application filed by Clintec re-presents the original 21 claims in addition to 35 new claims; therefore, the PTO's reexamination will necessarily involve a reconsideration of the patent in the same manner as the original application. Based on such a reexamination, the PTO could expand or reduce Clintec's claims which obviously could ultimately affect the claims in this case. In fact, it appears that the likelihood of a change in the [patent-in-suit] is substantial; the *Teradyne* court found that "in 77 percent of all reexamination applications, the claims are either amended or cancelled during reexamination."

The rationale of the *Clintec* court fully applies here.

Moreover, allowing this case to go forward at this time may create re-litigation of substantial parts of the case. Out of the fourteen new claims submitted by Martin to the PTO in the reissue proceedings, eight are independent. *See* Reissue Claims, attached hereto as Exhibit B. If the case now goes forward, and at a later time the PTO allows the new claims, depending on when this happens in relation to the progress of this case, the parties may have to conduct additional discovery regarding infringement and invalidity of the new claims, submit additional briefing on claim construction, or perhaps even hold a separate trial. Such a result would not only be extremely costly and wasteful, but it would be unfair to Apple because Martin would get a second chance to try the same case.

Finally, Martin himself appears to prioritize the reissue proceedings over the present litigation. The Manual of Patent Examination Procedure ("MPEP") states:

> ***In order to avoid duplication of effort***, action in reissue applications in which there is an indication of concurrent litigation will be suspended automatically unless . . . (a) a stay of the litigation is in effect; (b) the

8

> litigation has been terminated; (c) there are no significant overlapping issues; or (d) it is applicant's desires that the application be examined at that time.

MPEP § 1442.02 (emphasis added). This provision of the MPEP, on its face is designed to prevent duplication of effort and therefore automatically suspends the PTO proceedings until the concurrent judicial proceedings are complete unless the patent holder chooses to reverse the priorities. On February 27, 2008, Martin did just that – he filed a letter with the PTO indicating his preference that the reissue proceedings go forward, his lawsuit against Apple notwithstanding. *See* Martin's 2/27/08 Ltr. to PTO, attached hereto as Exhibit C ("The Applicant respectfully requests that action in this reissue application not be stayed during pending concurrent litigation as it is Applicant's desire that the application be examined at this time"). Thus, Martin has made clear his priority of the reissue proceedings over this litigation. By filing his February 27 letter with the PTO, Martin essentially opted for the stay requested here. To allow Martin to go forward with both proceedings concurrently would, in addition to the reasons stated above, contradict the very purpose of the MPEP provision that Martin invoked.

Accordingly, this case should be stayed pending the outcome of the reissue proceedings as well.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court stay this case pending the resolution of both the PTO reexamination and reissue proceedings with respect to the '609 patent. In the event that the Court finds a stay pending the reexamination premature at this time, Apple requests that the stay be entered pending the outcome of the reissue proceedings only, and that the denial of the motion for stay pending reexamination be entered without prejudice, to be revisited when the PTO responds to the request for *inter partes* reexamination.

Dated: May 15, 2008

Respectfully submitted,

/s/ Tigran Vardanian

David A. Nelson
Tigran Vardanian
LATHAM & WATKINS LLP
233 South Wacker Drive
Sears Tower, Suite 5800
Chicago, Illinois 60606
Phone: (312) 876-7700
Fax: (312) 993-9767

*Counsel for Defendant Apple Inc.*